IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JENINE LEE<br>87 Ridge Run Road<br>Sellersville, PA 18960<br><br>   Plaintiff,<br><br>  v.<br><br>UNITED STATES COLD STORAGE, LLC<br>Ferry Terminal Building<br>2 Aquarium Drive, Suite 200<br>Camden, NJ 08103<br><br>   Defendant. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | CIVIL ACTION<br><br>No.:_____<br><br>**JURY TRIAL DEMANDED** |

## CIVIL ACTION COMPLAINT

Ms. Jenine Lee (hereinafter referred to as "Plaintiff," unless indicated otherwise) by and through her undersigned counsel, hereby avers as follows:

## INTRODUCTION

1. Plaintiff has initiated this action to redress violations by United States Cold Storage, LLC (hereinafter referred to as "Defendant") of the Americans with Disabilities Act, as amended ("ADA" - 42 U.S.C. §§ 12101 et seq); Family and Medical Leave Act ("FMLA" - 29 U.S.C. §§ 2601 et seq.); and the Pennsylvania Human Relations Act ("PHRA" - 43 P.S. Section 951, et seq).

2. Plaintiff alleges, *inter alia*, that Defendant refused to reasonably accommodate her and terminated her in retaliation for requiring or requesting intermittent medical leave.

3. As a direct consequence of Defendant's unlawful actions, Plaintiff seeks damages as set forth herein.

## JURISDICTION AND VENUE

4. This Court has original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal laws.

5. This Court may properly assert personal jurisdiction over Defendant because its contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *Int'l Shoe Co. v. Washington*, 326 U.S. 310 (1945), and its progeny.

6. Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because Defendant is deemed to reside where it is subjected to personal jurisdiction, rendering Defendant a resident of the Eastern District of Pennsylvania.

7. Plaintiff filed a Charge of Discrimination and retaliation with the Equal Employment Opportunity Commission ("EEOC") and also dual-filed said charge with the Pennsylvania Human Relations Commission ("PHRC").

8. On or about December 18, 2025, the EEOC issued a Notice of Right to Sue and Plaintiff has properly exhausted her administrative remedies before initiating this action by timely filing and dual-filing her Charge with the EEOC and PHRC, and by filing the instant lawsuit within 90 days of receiving the EEOC's Right-to-Sue Letter.

## PARTIES

9. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

10. Plaintiff is an adult individual, with an address as set forth in the caption.

11. Defendant is a cold storage solutions and logistics company formed under the laws of the state of New Jersey with a principal place of business as set forth in the caption.

12. At all times relevant herein, Defendant acted by and through its agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

## FACTUAL BACKGROUND

13. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

14. On or about March 22, 2021, Defendant hired Plaintiff as a full-time Customization Associate. In or about January 2024, Defendant transferred Plaintiff into a Warehouse Associate-Dock position in which it employed her until unlawfully terminating her on or about November 20, 2024, as discussed herein.

15. Throughout the entirety of her three and a half (3½) years of employment, Defendant employed Plaintiff in its Quakertown West, Pennsylvania facility located at 4000 AM Drive, Quakertown, PA 18951.

16. In her role as Warehouse Associate Dock, Plaintiff was responsible for using warehouse equipment such as pallet jacks, labeling and sorting cardboard boxes, scanning boxes, picking items, and assisting with the loading and unloading of trailers.

17. Plaintiff suffers from Multiple Sclerosis ("MS") and associated complications and conditions. As a result of these serious medical conditions, Plaintiff is (at times) substantially limited in her ability to perform daily life activities, such as, for example only, thinking, physical activities, and managing fatigue.

18. While Plaintiff was still able to perform the essential functions of her job, she did require reasonable accommodations, at times, such as intermittent medical leave.

19. On or around September 4, 2024, Plaintiff suffered a health emergency while at work related to her aforementioned disabilities, specifically facial paralysis, and was taken to the hospital.

20. Plaintiff returned to work on or about September 9, 2024, and over the next several weeks, Plaintiff continued to work, but due to her aforementioned disabilities utilized reasonable accommodations in the form of intermittent medical leave under the FMLA. Plaintiff also requested to be able to take short breaks at times while at work but otherwise continued to perform without issue.

21. On or about October 7, 2024, Plaintiff gave her supervisor Phillip Runyon ("Runyon") paperwork from her treating physician outlining that she had been diagnosed with MS and that she had a ten (10) pound lifting restriction.

22. Runyon, being a relatively new supervisor, went and discussed Plaintiff's doctor's note with Defendant's Operations Manager Christopher Campbell. Runyon then returned and sent Plaintiff home and told her that she should go on short-term disability ("STD") because he/they felt that she did not appear well enough to work.

23. Plaintiff remained out of work for approximately one (1) week from October 8, 2024, through October 14, 2024. Plaintiff wanted to continue working and felt she did not need to utilize STD, or that she required any lifting restrictions.

24. On or about October 14, 2024, Plaintiff met with her neurologist who confirmed that Plaintiff was able to work, was able to lift in excess of ten (10) pounds, did not need to utilize STD, and released her to return to work without any restrictions.

4

25. On or about October 15, 2024, Plaintiff returned to work. However, ever since her aforementioned medical emergency on or about September 4, 2024, communications from Defendant's management and human resources ("HR") had changed in tone and demeanor, becoming less communicative and almost somewhat stern with Plaintiff, as if she was suddenly viewed as a less hardworking employee (or someone who wasn't dependable).

26. In addition to recommending Plaintiff pursue disability as to suggest she was not well enough to work, Defendant's management and HR asked Plaintiff if she could work at all (because of her health) and asked how much time she planned to miss.

27. Defendant's perceptions were not warranted, nor were the discriminatory comments and "questions" about her health. Plaintiff had provided medical documents, FMLA information, shared her diagnoses and health complications with several layers of management/HR, and had been cleared to return to work.

28. Just a short time later, on or about October 28, 2024, Defendant issued Plaintiff an unwarranted "Final Warning" and Last Chance Agreement that was demonstrably false (and objectively ridiculous).

29. By way of further background, Defendant disciplined two other employees, Nikki and Janette, who had a dispute with one another culminating in one, or both, of them griping to HR (about the other).

30. Despite that Plaintiff was not involved in any dispute or altercation, she too was issued a "Final Warning" for providing a screenshot to be used in what she believed to be an HR investigation.

31. Despite Plaintiff's disagreement with receipt of a Final Warning for having nothing to do with any wrongdoing, HR purported that giving someone a screenshot of a text to share with HR can be a form of instigation.

32. Accepting this logic, HR would discipline employees for disclosing sexually harassing, racial, or other improper emails or texts. Defendant's logic was objectively unreasonable and can only be explained by discriminatory and/or retaliatory motives.

33. Thereafter, on or about November 13, 2024, Plaintiff was training a new hire. The newly hired employee told Plaintiff that another employee (Nikki) was upset she was not doing the training.

34. Plaintiff simply responded that she had been directed to be the trainer and could not discuss Nikki.

35. On or about November 18, 2024, Plaintiff emailed HR asking for advice (out of concern due to the aforementioned unwarranted Final Warning) to seek guidance on how to deal with the new hire raising concerns about Nikki (to avoid any further demonstrably false and pretextual discipline).

36. On or about November 20, 2024, Defendant's management terminated Plaintiff stating it was because of the aforementioned November 18, 2024, email she had sent to HR.

37. However, Plaintiff's email was innocuous and seeking guidance as she: (a) was feeling very discriminated against; (b) had just recently been given a Final Warning for no legitimate reason by virtue of being associated with Nikki; and (c) wanted to document that a new hire was raising a concern pursuant to Defendant's purported open-door policy.

38. Simply put, within mere weeks of disclosing and utilizing medically related accommodations and FMLA, Defendant concocted an absolutely ridiculous reason to pretextually terminate Plaintiff.

## COUNT I
## Violations of the ADA
### ([1] Actual/Perceived/Record of Disability Discrimination; [2] Retaliation; and [3] Failure to Accommodate)

39. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

40. Plaintiff suffers from qualifying health conditions under the ADA, which affected her ability (at times) to perform some daily life activities (as set forth *supra*).

41. Despite Plaintiff's aforementioned health conditions and limitations, she was still qualified and able to perform the duties of her job well with Defendant.

42. Plaintiff disclosed her aforementioned disabilities/serious medical conditions and need for accommodations to Defendant's management shortly before Defendant pretextually disciplined her and terminated her employment.

43. Plaintiff therefore avers that her actual/perceived disabilities or record of impairment were a motivating and/or determinative factor in the termination of her employment with Defendant.

44. Plaintiff also avers that she was terminated in retaliation for engaging in protected activity (requesting or utilizing accommodations) under the ADA.

45. Finally, Plaintiff avers that she was terminated as a direct result of Defendant's desire to no longer accommodate her.

46. Defendant's actions as aforesaid constitute violations of the ADA.

## COUNT II
### Violations of Family and Medical Leave Act ("FMLA")
### (Interference & Retaliation)

47. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

48. Plaintiff was a full-time employee who worked for Defendant for more than 1 year at a location that employed at least 50 employees within 75 miles.

49. Plaintiff exercised her FMLA rights in or about October 2024 and had additional FMLA leave eligibility remaining.

50. Defendant terminated Plaintiff in in unusually close temporal proximity to her use of, and return from, FMLA leave.

51. The motivating and/or determinative factor in deciding to terminate Plaintiff's employment was (a) her recent use of FMLA; (b) to prevent her from utilizing future FMLA leave; and/or (c) to dissuade her or others from utilizing FMLA.

52. Defendant committed interference and retaliation violations of the FMLA by inter alia: (1) terminating Plaintiff for requesting and/or exercising her FMLA rights; (2) terminating Plaintiff and/or subjecting her to a hostile work environment to dissuade Plaintiff from utilizing FMLA leave; (3) considering Plaintiff's FMLA leave needs in making the decision to terminate her; (4) terminating Plaintiff to prevent her from taking FMLA-qualifying leave in the future; and (5) taking actions towards her that would dissuade a reasonable person from exercising her rights under the FMLA.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

      A.      Defendant is to compensate Plaintiff, reimburse Plaintiff and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to past lost earnings, future lost earnings, salary, pay increases, overtime, bonuses, medical and other benefits, training, promotions, pension, and seniority. Plaintiff should be accorded those benefits illegally withheld from the date she first suffered unlawful payment practices, retaliation, and discrimination at the hands of Defendant until the date of verdict;

      B.      Plaintiff is to be awarded liquidated and/or punitive damages, as permitted by applicable law(s) alleged asserted herein, in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious and outrageous conduct and to deter Defendant or other employers from engaging in such misconduct in the future;

      C.      Plaintiff is to be accorded any and all other equitable and legal relief as the Court deems just, proper and appropriate including for emotional distress;

      D.      Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal and state law;

      E.      Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth in applicable federal law; and

      F.      Plaintiff's claims are to receive a trial by jury to the extent allowed by applicable law. Plaintiff has also endorsed this demand on the caption of this Complaint in accordance with Federal Rule of Civil Procedure 38(b).

                    Respectfully submitted,

                    **KARPF, KARPF & CERUTTI, P.C.**

By: _____

                    Ari R. Karpf, Esq. (91538)
                    8 Interplex Drive, Suite 210
                    Feasterville-Trevose, PA 19053
                    (215) 639-0801
                    akarpf@karpf-law.com
                    *Attorneys for Plaintiff*

Dated: February 27, 2026

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Jenine Lee | : | CIVIL ACTION |
| v. | : | |
| United States Cold Storage, LLC | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.   ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.   ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.   ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)   ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.   (x)

| 2/27/2026 | [signature] | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-639-0801 | 215-639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**

Place of Accident, Incident, or Transaction: __Defendants place of business__

---

*RELATED CASE IF ANY:*  Case Number:_____  Judge:_____

1. Does this case involve property included in an earlier numbered suit?  Yes ☐
2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit?  Yes ☐
3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit?  Yes ☐
4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual?  Yes ☐
5. Is this case related to an earlier numbered suit even though none of the above categories apply?  Yes ☐
   If yes, attach an explanation.

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☒ **is not** related to any pending or previously terminated action in this court.

---

**Civil Litigation Categories**

A. *Federal Question Cases:*

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts)
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Wage and Hour Class Action/Collective Action
☐ 6. Patent
☐ 7. Copyright/Trademark
☐ 8. Employment
☐ 9. Labor-Management Relations
☒ 10. Civil Rights
☐ 11. Habeas Corpus
☐ 12. Securities Cases
☐ 13. Social Security Review Cases
☐ 14. Qui Tam Cases
☐ 15. Cases Seeking Systemic Relief *see certification below*
☐ 16. All Other Federal Question Cases. *(Please specify)*:_____

B. *Diversity Jurisdiction Cases:*

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury (*Please specify*):_____
☐ 7. Products Liability
☐ 8. All Other Diversity Cases: *(Please specify)*_____

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☒ **does not** have implications beyond the parties before the court and ☐ **does** / ☒ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

---

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

☒ Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐ None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
LEE, JENINE

**DEFENDANTS**
UNITED STATES COLD STORAGE, LLC

**(b)** County of Residence of First Listed Plaintiff: Bucks
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Camden
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Ari R. Karpf, Esq.; Karpf, Karpf & Cerutti, P.C., 8 Interplex Drive, Suite 210, Feasterville-Trevose, PA 19053; 215-639-0801; akarpf@karpf-law.com

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [X] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**TORTS**
PERSONAL INJURY
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

**CIVIL RIGHTS**
- [ ] 440 Other Civil Rights
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/ Accommodations
- [X] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 448 Education

PERSONAL INJURY
- [ ] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**PRISONER PETITIONS**
Habeas Corpus:
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty
Other:
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Retirement Income Security Act

**IMMIGRATION**
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**INTELLECTUAL PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 835 Patent - Abbreviated New Drug Application
- [ ] 840 Trademark
- [ ] 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- [ ] 375 False Claims Act
- [ ] 376 Qui Tam (31 USC 3729(a))
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit (15 USC 1681 or 1692)
- [ ] 485 Telephone Consumer Protection Act
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*
- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
ADA (42USC12101); FMLA (29USC201)

Brief description of cause:
Violations of the ADA, FMLA and the PHRA.

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: [X] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE: 2/27/2026
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____